# IN THE MATTER OF CERTAIN PROCEEDINGS CONCERNING W. F. DOHERTY.

### (164 N. W. 948.)

**Attorney — disbarment — charges — proceedings.**
Evidence examined and *held* not to sustain disbarment charges.

Opinion filed October 2, 1917.

An original proceeding in the Supreme Court looking to the disbarment of W. F. Doherty.

Dismissed.

*C. L. Young* and *John Carmody,* members of the disbarment committee of the State Bar Association, for the prosecution.

*John E. Greene* and *D. C. Greenleaf,* for the accused.

ROBINSON, J.   This is a disbarment proceeding.   The first charge is that about six years ago in an attachment suit Doherty did some wrong in changing a preliminary justice court summons, by inserting the name of an additional defendant.   If Doherty made the change, it was made before the service of the summons and before it became a matter of record.   It was of no serious consequence and it did no injury to anyone.   It was such a change as the justice should have made as a matter of course.   The suit was for coal furnished at the request of one party and for the use and benefit of two parties who were made defendants.   This charge is doubly outlawed, and it amounts to nothing.

The second charge is in regard to the sale of wheat which was the property of E. A. Wanless, a superannuated clergyman of Illinois. This wheat Doherty sold for $329.90 and applied the proceeds to a debt justly due to him from Wanless.   Wanless resided in Illinois.   He had a farm of 320 acres some 30 miles from Minot and 7 miles from Berthold.   The farm was rented, and he retained Doherty to look after the farm and the tenant and the crops grown thereon, and to make reports to him concerning the same; and also to foreclose a mortgage on a half section of land and to do everything necessary to protect his

interest in regard to the farm, and for that purpose he gave Doherty a general and special power of attorney.

Doherty looked well after the farm and the tenant. He watched the harvesting and threshing of the grain; he made numerous trips to the farm, going by motor cycle and by automobile, incurring much danger and discomfort and expense. On one trip he remained at the farm nearly two days and one night with Wanless, to aid him in settling his matters with the tenant. He gave counsel to Wanless in all matters concerning the farm and other matters. He commenced an action to foreclose a mortgage, commenced an attachment suit for $650 and a replevin suit against the tenant. He furnished the bonds, prosecuted the suits to final judgment, and paid all the costs. In the replevin suit he recovered a judgment against the tenant for 778 bushels of wheat and 590 bushels of oats, and the costs of the action, $33.40. And he did for Wanless many other things too numerous to mention. The result was that Wanless received some $1,400 that he might have lost. The services of Doherty were faithful and efficient, and his charges were moderate and reasonable. Under his general authority to look after the farm he caused 400 bushels of wheat to be hauled to the elevator at Berthold and to be sold. He received the price, $329.90, which he applied on his expenses and fees. He still claimed a balance of $50, which was paid him, and so the matter was settled. This proceeding was commenced by parties who never had any interest in the matter of the complaint. The testimony was taken before Judge Fisk, and he found in favor of Doherty, and the finding is manifestly correct. The matter is dismissed.